IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FALILOU BAH,
         Petitioner,

v.   :   Civil No.: 2:25-cv-06991

JAMAL L. JAMISON, et al.,
         Respondents.

**ORDER**

**AND NOW**, this 8th day of January, 2026, upon consideration of the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) and the Government's Response in Opposition to Petition for Writ of Habeas Corpus (ECF No. 3), **IT IS HEREBY ORDERED** that the Petition (ECF No. 1) is **GRANTED** as follows:

1. Mr. Bah is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2. The Government shall **RELEASE** Mr. Bah from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than 5:00 p.m. ET on January 9, 2026;

3. If the Government chooses to pursue re-detention of Mr. Bah pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

4. The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.[1]

---

[1] Mr. Bah has resided in the United States since he entered without inspection on or around November 30, 2023. *See* Pet. for Habeas Corpus ¶ 2. When he entered the United States in 2023, he was immediately apprehended by the Department of Homeland Security ("DHS"). The next day, December 1, 2023, Mr. Bah was released into the United States of his own recognizance. *Id*. DHS commenced removal proceedings against Petitioner in immigration court, charging him as

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) for entering the United States without admission or parole, and thereby entitling Petitioner to present an asylum claim with the due process protections provided under 8 U.S.C. § 1229a, which he timely filed on September 13, 2024. *Id*. at ¶¶ 3-4. After his release from DHS custody, Petitioner lived in Clifton Heights, Pennsylvania for over two years, complied with all DHS requirements and court deadlines in his asylum case, and had no criminal history; nevertheless, on December 8, 2025, DHS arrested and detained him at a required ICE check-in. *Id*. at ¶¶ 6-7.

The Government contends that (1) this Court lacks jurisdiction to intervene in removal proceedings, (2) Mr. Bah is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), and (3) Mr. Bah's detention does not offend due process. The vast majority of federal courts, including this Court, have rejected these arguments. *See e.g., Buele Morocho v. Jamison*, No. CV 25-5930 (E.D. Pa. Nov. 26, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 U.S. Dist. LEXIS 226877 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025). Accordingly, Mr. Bah's mandatory detention without the opportunity for a bail hearing is unlawful.